# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1814 | **DATE** | 7/28/2004 |
| **CASE TITLE** | Jones vs. Jo Anne B. Barnhart, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER. Jones's claim is dismissed without prejudice for the reasons set forth above, and the SSA's motion to dismiss is granted. All pending motions are hereby dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BERNARD JONES, ) | |
| ) | |
| Plaintiff, ) | JUL 3 0 2004 |
| ) | No. 03 C 1814 |
| v. ) | |
| ) | Judge George M. Marovich |
| ) | |
| JO ANNE B. BARNHART, ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY ADMINISTRATION ) | |
| OF THE UNITED STATES OF ) | |
| AMERICA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Presently before the Court is Plaintiff Bernard Jones's ("Jones") Petition for a Writ of Mandamus and Defendant Jo Anne B. Barnhardt, Commissioner of the Social Security Administration of the United States of America's, (the "SSA"), Motion to Dismiss. For the reasons set forth below, Jones's Petition for a Writ of Mandamus is denied, and SSA's Motion to Dismiss is granted.

## BACKGROUND

In 1985, Jones, a United States citizen, applied for Social Security benefits and was paid $368 per month from 1987 until September of 1989. In 1989, Jones was in jail for three months and his payments were suspended with notice from the SSA. Upon his release, Jones reapplied for payment of benefits, expecting to receive the same monthly payments as before he was incarcerated. Jones claims the SSA failed to respond to his application for approximately 15 months, and then they sent Jones a single check in the amount of $1200 in late 1990 or early



Dismissal is proper only if it appears beyond a doubt that a plaintiff can prove no set of facts in support of a claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

II.  Writ of Mandamus

Jones contends that he is owed unpaid benefits that are in arrears from the SSA and that he is entitled to a hearing on his petitions, applications and requests. The SSA contends that this Complaint should be dismissed because Jones failed to exhaust his administrative remedies by failing to file the necessary petitions, applications or requests for a hearing on the matter and thus, there is no jurisdictional basis for the court to issue mandamus relief.

It is undisputed that Jones attempted to file papers with the SSA in order to get paid monies that he claims are in arrears. However, it is unclear what papers he filed and when he filed them since the SSA has no record of them. It is clear though that Jones did not follow the correct procedures to exhaust his administrative remedies. A party seeking mandamus must demonstrate that he has no other adequate means of relief and that his right of mandamus is clear and indisputable. Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). Although 28 U.S.C. § 1361 gives district courts original jurisdiction over actions of mandamus to compel an officer of the United States to perform a duty owed, 28 U.S.C. § 405(g) "on its face bars judicial review of any denial of a claim of disability benefits until after a 'final decision' by the Secretary following a 'hearing'." Mathews v. Eldridge, 424 U.S. 319, 328 (1976). Here, Jones had other remedies available in order to attain a hearing, namely filing the necessary petitions, applications or requests for a hearing with the SSA. After the final decision is made by the SSA following a hearing, he may be entitled to judicial remedies. The Court recognizes that Jones may indeed be entitled to benefits after he files the correct papers and uses the proper SSA procedure. If after

1991. Jones claims that he was entitled to $5,520, at that point. Thereafter, the SSA notified Jones that the $1200 was paid to him in error and that he was not entitled to payments since he was still incarcerated. Jones claims that at that point he had long been released from jail and was entitled to benefits of $368 per month and informed the SSA of same. That same letter from the SSA also informed Jones that his benefits would be reduced to $250 per month until the $1200 had been credited (a rate of $118 per month the difference between $368 and $250, for approximately 10.2 months'). The $250 payments commenced and continued for 36 months and then ceased without any notice. After approximately 5 years of applications to the Social Security Office, Jones was told to file a new application. Jones filed a new application in April 1998. That application was successful and payments resumed in April 1998. From 1998 until now, Jones has continually sought payment of unpaid benefits to which he claims he is entitled under his original application: (1) for the period of 15 months after his application upon his release from jail; (2) for the period of 36 months where he was paid $250 instead of $368; and (3) for the period of December 1993 to April 1998 when he claims he was paid nothing. Jones claims that he is entitled to a hearing on his petitions, applications, and requests, but the SSA has not held any hearing or inquiry on this matter.

## DISCUSSION

I.  Standard for Motion to Dismiss

When considering a motion to dismiss, a court must view the complaint's allegations in the light most favorable to the plaintiff, and all well-pleaded facts in the complaint must be accepted as true. Wilson v. Formigoni, 42 F.3d 1060, 1062 (7th Cir. 1994). To withstand a motion to dismiss, a complaint must allege facts which sufficiently set forth the essential elements of the cause of action. Gray v. County of Dane, 854 F.2d 179, 182 (7th Cir. 1988).

filing properly, Jones does not receive a hearing or decision following a hearing, he then will have exhausted his administrative remedies, a condition precedent to re-file his Complaint in this Court.

## CONCLUSION

Jones's claim is dismissed without prejudice for the reasons set forth above, and the SSA's Motion to Dismiss is granted.

ENTER:

George M. Marovich
United States District Judge

DATED: 7/28/04